### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>NORTH AMERICAN HERB AND SPICE CO., LLC, a limited liability company,<br><br>and<br><br>JUDY KAY GRAY, individually and as the owner and manager of North American Herb and Spice Co., LLC,<br><br>Defendants. | Case No. 08C 3169<br>Judge Grady |

## STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed a Complaint for Permanent Injunction and Other Equitable Relief against Defendants North American Herb and Spice Co., LLC, and Judy Kay Gray ("Defendants"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), alleging deceptive acts or practices and false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

The Commission and Defendants have stipulated to the entry of this Order in settlement of the Commission's allegations against Defendants. The Court, being advised in the premises, finds:

### FINDINGS

1.      This Court has jurisdiction over the subject matter of this case and jurisdiction over all parties. Venue in the Northern District of Illinois is proper.

2.      The Complaint states a claim upon which relief can be granted, and the Commission has the authority to seek the relief it has requested.

3.      The activities of Defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.      Defendants, without admitting or denying the allegations of the Commission's Complaint, stipulate and agree to entry of this Order under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).

5.      Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

6.      This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law.

7.      Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon defendants, and their officers, agents, servants, representatives, employees, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise.

8.      This Order reflects the negotiated agreement of the parties.

9.      The paragraphs of this Order shall be read as the necessary requirements of compliance and not as alternatives for compliance and no paragraph serves to modify another paragraph unless expressly so stated.

10.     Each party shall bear its own costs and attorneys' fees.

11.     Entry of this Order is in the public interest.

## ORDER

### DEFINITIONS

1.      Unless otherwise specified, "Defendants" shall mean:

   a.   North American Herb and Spice Co., LLC ("NAHS"), a limited liability company, its divisions and subsidiaries, and its successors and assigns; and

   b.   Judy Kay Gray, individually and in her capacity as owner and manager of NAHS.

2.    "Commerce" shall mean "commerce" as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

3.    "Competent and reliable scientific evidence" shall mean tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

4.    "Covered product" shall mean any dietary supplement, food, drug, device, or any health-related service or program.

5.    "Endorsement" shall mean "endorsement" as defined in 16 C.F.R. § 255.0(b).

6.    "Food," "drug," and "device" shall mean "food," "drug," and "device" as defined in Section 15 of the FTC Act, 15 U.S.C. § 55.

7.    The term "including" in this Order shall mean "without limitation."

8.    The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable phrase or sentence inclusive rather than exclusive.

## I.

## REPRESENTATIONS CONCERNING OREGANOL P73, SUPER STRENGTH OREGANOL P73, AND OREGARESP

IT IS ORDERED that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Oreganol P73, Super Strength Oreganol P73, OregaRESP, or any other product containing oregano or oregano oil, in or affecting commerce, are hereby permanently restrained and enjoined from making or assisting others in making, directly or by implication, including through the use of a product name or endorsement, any representation:

3

A.    That such product is scientifically proven to prevent cold or flu infection;

B.    That such product is scientifically proven to be effective in the treatment of cold or flu symptoms;

C.    That such product kills viruses or germs in humans; or

D.    That such product enhances or improves immune system function;

unless the representation is true, not misleading, and, at the time it is made, Defendants possess and rely upon competent and reliable scientific evidence that substantiates the representation.

## II.

## REPRESENTATIONS CONCERNING COVERED PRODUCTS

IT IS FURTHER ORDERED that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product, in or affecting commerce, are hereby permanently restrained and enjoined from making, or assisting others in making, directly or by implication, including through the use of a product name or endorsement, any representation:

A.    That such product prevents cold or flu infection;

B.    That such product treats cold or flu symptoms;

C.    That such product has been scientifically or clinically tested and/or proven to be effective; or

D.    About the health benefits, performance, efficacy, safety or side effects, of such product;

unless the representation is true, not misleading, and, at the time it is made, Defendants possess and rely upon competent and reliable scientific evidence that substantiates the representation.

## III.

## MISREPRESENTATION OF TESTS OR STUDIES

IT IS FURTHER ORDERED that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product, in or affecting commerce, are hereby permanently restrained and enjoined from misrepresenting, in any manner, expressly or by implication, including through the use of any product name or endorsement, the existence, contents, validity, results, conclusions, or interpretations of any test or study.

## IV.

## FDA APPROVED CLAIMS

IT IS FURTHER ORDERED that:

A.   Nothing in this Order shall prohibit Defendants from making any representation for any drug that is permitted in labeling for such drug under any tentative or final standard promulgated by the Food and Drug Administration, or under any new drug application approved by the Food and Drug Administration; and

B.   Nothing in this Order shall prohibit Defendants from making any representation for any product that is specifically permitted in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990.

## V.

## MONETARY JUDGMENT AND CONSUMER REDRESS

IT IS FURTHER ORDERED that:

A.   Judgment is hereby entered in favor of the Commission and against Defendants NAHS and Judy Kay Gray, jointly and severally, in the amount of two million five hundred thousand dollars ($2,500,000). Funds in this amount shall be deposited by Defendants into the

escrow or client trust account of attorney David P. Schippers no later than April 1, 2008.

Payment shall be made to the Commission within five (5) days of the date of entry of this Order

by wire transfer in accord with instructions that will be provided by the Commission.

   B.  In the event of default on any obligation to make payment under this Order,

interest, computed pursuant to 28 U.S.C. § 1961(a), shall accrue from the date of default to the

date of payment. In the event such default continues for ten (10) calendar days beyond the date

of payment is due, the entire amount shall immediately become due and payable. Defendants

shall be jointly and severally liable for all payments required by this Order and any interest on

such payments.

   C.  All funds paid pursuant to this Order shall be deposited into a fund administered

by the Commission or its agents to be used for equitable relief, including but not limited to

consumer redress, and any attendant expenses for the administration of such equitable relief. In

the event that direct redress to consumers is wholly or partially impracticable or funds remain

after the redress is completed, the Commission may apply any remaining funds for such other

equitable relief (including consumer information remedies) as it determines to be reasonably

related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable

relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no

right to challenge the Commission's choice of remedies under this Part. Defendants shall have

no right to contest the manner of distribution chosen by the Commission. No portion of any

payment under the judgment herein shall be deemed a payment of any fine, penalty, or punitive

assessment.

   D.  Defendants relinquish all dominion, control and title to the funds paid, and all

legal and equitable title to the funds vests in the Treasurer of the United States and in the

designated consumers. Defendants shall make no claim to or demand for return of the funds,

directly or indirectly, through counsel or otherwise; and in the event of bankruptcy of any

defendant, Defendants acknowledge that the funds are not part of the debtor's estate, nor does the

estate have any claim or interest therein.

E.    Defendants agree that, if they fail to timely and completely fulfill the payment and other obligations set forth in this Order, the facts as alleged in the Complaint filed in this matter shall be taken as true in any subsequent litigation filed by the Commission to enforce its rights pursuant to this Order, including but not limited to a non-dischargeability complaint in any bankruptcy case.

F.    In accordance with 31 U.S.C § 7701, Defendants are hereby required, unless they have done so already, to furnish to the Commission their taxpayer identifying numbers and/or social security numbers, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government.

G.    Proceedings instituted under this Part are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## VI.

## PROVISION OF CUSTOMER LIST

IT IS FURTHER ORDERED that Defendants shall, no later than twenty (20) days after the date of entry of this Order, deliver to the Commission a list, in the form of a sworn affidavit, of all individual customers who purchased Oreganol P73, Super Strength Oreganol P73, Oregacyn, or OregaRESP on or after January 1, 2003 through the date of entry of this Order, to the extent that such purchasers are known to Defendants through a diligent search of their records, including but not limited to computer files, sales records, and inventory lists. Such list shall include each consumer's name and address, the product(s) purchased, the quantity and the amount paid, including shipping and handling charges, and if available, the consumer's telephone number and email address.

## VII.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

IT IS FURTHER ORDERED that each defendant, within seven (7) business days after receipt of this Order as entered by the Court, shall submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

7

## VIII.

## NOTICE TO AND MONITORING OF RESELLERS AND DISTRIBUTORS

IT IS FURTHER ORDERED that:

A.      Within thirty (30) days of the date this Order becomes final, Defendants shall send an exact copy of the notice attached hereto as Appendix A, showing the date of mailing, to each distributor or purchaser for resale of any covered product with whom Defendants have done business since January 1, 2003.  The mailing shall not include any other document, information, or enclosures.  The notice shall be sent by first class mail, postage prepaid and return receipt requested.

B.      Defendants shall institute a reasonable program of surveillance adequate to reveal whether any of Defendants' purchasers for resale are disseminating any advertisement or promotional material that contains any representations prohibited by this Order.

C.      In the event that Defendants receive any information that any purchaser for resale is using or disseminating any advertisement or promotional material, or making any oral statement, that contains any representation prohibited by this Order, Defendants shall promptly investigate such information and upon verification shall immediately terminate, and shall not resume, sales or shipments to such purchaser for resale.

## IX.

## COMPLIANCE MONITORING BY DEFENDANTS

IT IS FURTHER ORDERED that Defendants, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, or distribution of any covered product, in or affecting commerce, shall,

A.      Take reasonable steps sufficient to monitor and ensure that all employees and agents engaged in sales, order verification, or other customer service functions comply with the provisions of this Order.  Such steps shall include adequate monitoring of all advertisements, promotions, sales presentations, and other oral and written communications with customers regarding such products. Defendants, at a minimum, shall:

1.      Conduct periodic monitoring of representations concerning any covered product made by persons engaged in sales or other customer service functions, including representations made orally or through electronic communications, on behalf of Defendants; and

2.      Conduct periodic monitoring of representations made about any covered product on all Internet websites operated or maintained by Defendants or their agents.

B.      Terminate any employee or agent who knowingly engages in any conduct prohibited by this Order once Defendants know or should know that such person is or has been engaging in such conduct.

## X.

## COMPLIANCE MONITORING BY THE COMMISSION

IT IS FURTHER ORDERED that, for the purpose of monitoring and investigation compliance with any provision of this Order,

A.      Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants NAHS and Judy Kay Gray each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession or direct or indirect control to inspect the business operation;

B.      In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

1.      Obtaining discovery from any person, without further leave of court, using the procedures described from Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; and

2.      Posing as customers and suppliers to any defendant or any other entity managed or controlled in whole or in part by any defendant, without the necessity of identification or prior notice.

C.     Defendants NAHS and Judy Kay Gray each shall permit representatives of the

Commission to interview any employer, consultant, independent contractor,

representative, agent, or employee who has agreed to such an interview, relating in

any way to any conduct subject to this Order.  The person interviewed may have

counsel present.

*Provided, however*, that nothing in this Order shall limit the Commission's lawful use of

compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to

obtain any documentary material, tangible things, testimony, or information relevant to unfair or

deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C.

§ 45(a)(1)).

## XI.

## COMPLIANCE REPORTING BY DEFENDANTS

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this

Order may be monitored,

A.     For a period of five (5) years from the date of entry of this Order,

1.     Judy Kay Gray shall notify the Commission in writing of the following:

a.     Any changes in residence, mailing address, and telephone numbers,

within ten (10) days of such change;

b.     Any changes in her employment status (including self-

employment) and any change in her ownership in any business

entity, within ten (10) days of such change.  Such notice shall

include the name and address of each business that she is affiliated

with, employed by, creates or forms, or performs services for; a

statement of the nature of the business; and a statement of her

duties and responsibilities in connection with the business or

employment; and

c.     Any changes in her name or use of any aliases or fictitious names.

10

2.      Defendants NAHS and Judy Kay Gray shall notify the Commission in writing of any changes in the corporate structure of NAHS or any business entity that Judy Kay Gray directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided that*, with respect to any proposed change in the corporation about which the defendant(s) learn(s) less than thirty (30) days prior to the date such action is to take place, the defendant(s) shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.      Sixty (60) days after the date of entry of this Order, Defendants shall each provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order, including identification of all products that they advertise or sell, and copies of all their current advertising. This report shall include, but not be limited to:

1.      For Judy Kay Gray:

      a.      Her then-current residence address, mailing addresses, and telephone numbers; and

      b.      Her then-current employment and business addresses and telephone numbers; a description of the business activities or each such employer or business, and her title and responsibilities, for each such employer or business.

2.      For all Defendants:

     a.      A copy of each acknowledgment of receipt of this Order obtained

pursuant to Part VII; and

     b.      Any other changes required to be reported under Subsection A of

this Part.

C.     For the purposes of this Order, Defendants shall, unless otherwise directed by the

Commission's representatives, mail all written notifications to the Commission to:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, NW
> Washington, DC 20580
> Re: *FTC v. North American Herb and Spice Co., LLC, et al.*

D.     The Commission is authorized to communicate directly with Defendants as

provided in Subsection B of Part X of this Order and in public or widely-attended settings such

as industry trade shows. In addition, for purposes of the compliance reporting and monitoring

required by this Order, the Commission is authorized to communicate directly with Defendants if

attempted communication with last-known counsel for Defendants is not successful after a period

of two (2) business days.

## XII.

## RECORD-KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of eight (8) years from the date of entry of

this Order, Defendants, NAHS and Judy Kay Gray, in connection with any business involved in

the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any

covered product, or where any such defendant is a majority owner of such a business or directly

or indirectly manages or controls such a business, such defendant(s) and their agents, employees,

officers, corporations, successors, and assigns, and those persons in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise,

are hereby restrained and enjoined from failing to create and retain the following records:

A.     Accounting records that reflect the cost of covered products sold, revenues

generated, and the disbursement of such revenues;

B.      Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.      Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of covered products purchased, and description of covered products purchased, to the extent such information is obtained in the ordinary course of business;

D.      Complaint and refund requests (whether received directly, indirectly, or through any third party), including but not limited to reports of adverse incidents claimed to be associated with the use of a covered product, and any responses to those complaints or requests;

E.      Copies of all advertisements, promotional materials, sales scripts, training materials, websites, or other marketing materials utilized in the advertising, marketing, promotion, offering for sale, sale, or distribution of any covered product;

F.      All materials that were relied upon in making any representations contained in the materials identified in Subsection E of this Part, including all documents evidencing or referring to the accuracy of any claim therein or to the efficacy of any covered product, including, but not limited to, all tests, reports, studies, demonstrations, or other evidence that confirm, contradict, qualify, or call into question the accuracy or efficacy of each such product, including complaints and other communications with consumers or with governmental or consumer protection agencies;

G.      Records accurately reflecting the name, address, and telephone number of each manufacturer or laboratory engaged in the development or creation of any testing obtained for the purpose of manufacturing, labeling, advertising, marketing, promoting, offering for sale, selling, or distributing any covered product;

H.      Copies of all contracts concerning the manufacturing, labeling, advertising, marketing, promotion, offering for sale, sale, or distribution of any covered product; and

I.      All records and documents necessary to demonstrate full compliance with each provision of the Order, including but not limited to, copies of acknowledgments of receipt of this Order and all reports submitted to the Commission pursuant to this Order.

## XIII.

### DISTRIBUTION OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.      Defendant NAHS shall deliver a copy of this Order to all of its principals, officers, directors, and managers, and to all current or newly hired employees, agents, representatives, consultants, and independent contractors having responsibilities with respect to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B.      For any business that defendant Judy Kay Gray controls, directly or indirectly, or in which she has a majority ownership interest, she shall deliver a copy of this Order to all principals, officers, directors, and managers of such business, and to any employees of such who have responsibilities with respect to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

C.      For any business where defendant Judy Kay Gray is not a controlling person of the business but otherwise engages in conduct related to the subject matter of this Order, she shall deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.      Defendants NAHS and Judy Kay Gray shall secure a signed and dated statement acknowledging receipt of the Order, within thirty days of delivery, from all persons receiving a copy of the order pursuant to this Part.

14

## XIV.

### RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO STIPULATED:**

For Plaintiff Federal Trade Commission

_____
CHRISTINE J. LEE
JAMES A. TRILLING
FEDERAL TRADE COMMISSION
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Phone: 202-326-2095
Fax: 202-326-3259
Attorneys for Plaintiff

For Defendants North American Herb and Spice Co., LLC, and Judy Kay Gray

_____
NORTH AMERICAN HERB AND
SPICE CO., LLC
By Judy Kay Gray,
Owner and Manager

_____
JUDY KAY GRAY, individually

_____
DAVID P. SCHIPPERS
David P. Schippers & Associates, Chtd.
Twenty North Clark St., Suite 3600
Chicago, IL 60602
Attorney for Defendants

_____
TYRONE C. FAHNER
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
Attorney for Defendants

IT IS SO ORDERED this _31_ day of _July_, 2008

_____
UNITED STATES DISTRICT JUDGE

15

APPENDIX A
GOVERNMENT-ORDERED DISCLOSURE
[on North American Herb and Spice Co., LLC, letterhead]

[Insert Date]
Dear North American Herb and Spice Reseller or Distributor:

This letter is to inform you that North American Herb and Spice Co., LLC, has recently settled a dispute with the Federal Trade Commission regarding our advertising for Oreganol P73, Super Strength Oreganol P73, and OregaRESP (formerly sold as Oregacyn). The Order entered by the District Court expressly provides that we have not admitted any liability. Among other things, the Order requires us to instruct you to stop using advertising or promotional materials that make any of the representations prohibited by the Order, as summarized below.

1.      Unless we have competent and reliable scientific evidence to support the claim, we are prohibited from representing, in any manner, expressly or by implication, that Oreganol P73, Super Strength Oreganol P73, OregaRESP, or any other dietary supplement, food, drug, or health-related service or program is scientifically proven to prevent cold or flu infection, is scientifically proven to be effective in the treatment of cold or flu symptoms, kills viruses or germs in humans, or enhances or improves immune system function.

2.      In addition, unless we have competent and reliable scientific evidence to support the claim, we are prohibited from making any representation, in any manner, expressly or by implication, about the health benefits, performance, efficacy or side effects of any dietary supplement, food, drug, or health-related service or program, including, but not limited to, representing that such product, service, or program prevents cold or flu infection, treats cold or flu symptoms, or is scientifically or clinically tested and/or proven to be effective.

3.      We are also prohibited from misrepresenting, in any manner, expressly or by implication, the existence, contents, validity, results, conclusions, or interpretations of any test, study, or scientific research relating to any dietary supplements, food, drug, or health-related service or program.

The Order requires us to monitor your advertisements and promotional materials and terminate all sales to you if you make any of the above prohibited claims for our products.

If you have any questions, please contact [insert name and telephone numbers of the responsible North American Herb and Spice Attorney or Officer].

Sincerely,


Judy Kay Gray, Owner and Manager
North American Herb and Spice Co., LLC


16